# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ERNST ETIENNE; GUADALUPE BELLINI,<br><br>                    Plaintiffs,<br>          vs.<br><br>FORD MOTOR COMPANY; THE GOODYEAR TIRE & RUBBER COMPANY; DOES 1 through 10; and ROE CORPORATIONS 11 through 20; and ABC LIMITED LIABILITY COMPANIES 21 through 30, inclusive,<br><br>                    Defendants. | Case No.: 2:12-cv-02070-GMN-VCF<br><br>**ORDER** |

Pending before the Court is a Motion to Dismiss (ECF No. 7) filed by Defendant Ford Motor Company ("Ford").  Plaintiffs Ernst Etienne and Guadalupe Bellini ("Plaintiffs") filed a Response (ECF No. 12) and Ford filed a Reply (ECF No. 13).  For the reasons discussed below, the Court denies Defendant's Motion.

## I.     BACKGROUND

Ernst Etienne and Guadalupe Bellini ("Plaintiffs") claim that on November 11, 2010 the left rear tire of their 1998 Ford Explorer failed causing their car to crash which resulted in "serious injuries" to Plaintiffs. (Pls. Compl. ¶¶ 13-14, ECF No. 1, Ex. 1.)  Plaintiffs claim that the tire was defective and that the car failed to adequately protect them in the crash. (*Id.* ¶ 14.) They filed their Complaint on November 8, 2012 against Ford and The Goodyear Tire & Rubber Company ("Goodyear") alleging causes of action for negligence, strict liability in tort, and breach of warranty. (*Id.* ¶¶ 17-49.)  Plaintiffs also included a claim for punitive damages alleging that Ford acted with "malice and in conscious and deliberate disregard" (*Id.* at ¶ 51) of the existence of alternative designs and had knowledge of "defective conditions of the vehicle

and tires that rendered them unreasonably dangerous." (*Id.* ¶¶ 51-56.)

Ford subsequently filed a Motion to Dismiss Plaintiffs' claim for punitive damages (ECF No. 7) under Rule 12(b)(6) of the Federal Rules of Civil Procedure, stating that Plaintiffs' Complaint failed to provide sufficient factual basis to support a claim for punitive damages.  In response, Plaintiffs argue that their Complaint survives this Motion to Dismiss because it states more than mere conclusory statements and recitations of the elements of the claim. (Pls.' Resp. 5:1-6:8, ECF No. 12.)  Plaintiffs also argue that Ford's Motion to Dismiss is premature. (*Id.* at 6:8-15.)  In its Reply, Ford responds that Plaintiffs' evidence was "improper and absurd" and that the claim for punitive damages is based on hearsay evidence from previous cases brought against the Defendant and therefore should be dismissed. (Def.'s Reply 5:9-17, ECF No. 13.)

## II.    **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true those allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing

*Twombly*, 550 U.S. at 555) (emphasis added).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008). Rule 8(a)(2) requires that a plaintiff's complaint contain *only* "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

## III.   **DISCUSSION**

In this case, Ford argues that Plaintiffs' claim for punitive damages should be dismissed because the Complaint fails to provide sufficient factual allegations of fraud, oppression, or malice as required by section 42.005 of the Nevada Revised Statutes. (Mot. to Dismiss 3:24-26, ECF No. 7.) However, Plaintiffs argue that the Complaint pleads sufficient facts to demonstrate that Ford's actions resulted in oppression or, alternatively, malice. (Pls.' Resp. 5:13-6:14, ECF No. 12; Compl. ¶ 52, ECF No. 1.)

Under Nevada law, a claim for punitive damages is governed by section 42.005 of the Nevada Revised Statutes. Nev. Rev. Stat. § 42.005. Specifically, section 42.005 requires that punitive damages are recoverable when a plaintiff proves "by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice, express or implied." Nev. Rev. Stat. § 42.005(1).

Section 42.001(3) of the Nevada Revised Statutes defines "[m]alice, express or implied" as "conduct which is intended to injure a person or despicable conduct which is engaged in with a conscious disregard of the rights or safety of others." Nev. Rev. Stat. § 42.001(3). Similarly, section 42.001(4) defines "oppression" as "despicable conduct that subjects a person to cruel and unjust hardship with conscious disregard of the rights of the person." Nev. Rev. Stat. § 42.001(4). Both of these definitions incorporate the concept of "conscious disregard," which is defined in section 42.001(1) as "the knowledge of the probably harmful consequences

of a wrongful act and a willful and deliberate failure to act to avoid those consequences." Nev. Rev. Stat. § 42.001(1).

Plaintiffs' Complaint alleges that Ford had knowledge of the deficiencies in their products and yet still placed the products in the stream of commerce. (Compl. ¶¶ 52-53.)  Thus, Plaintiffs conclude that this "conscious disregard for the rights and safety of others amount[ed] to oppression, or in the alternative, malice." (*Id.*)  The Court finds that, when these statements are taken as true, the Complaint provides sufficient factual basis to support a claim for punitive damages.  Plaintiff's Complaint is adequate to survive Ford's Motion to Dismiss.  Therefore Ford's Motion to Dismiss Plaintiffs' claim for punitive damages is **DENIED**.

## VI.   CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 7) filed by Defendant Ford Motor Company is **DENIED**.

**DATED** this 15th day of May, 2013.

_____
Gloria M. Navarro
United States District Judge