UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ERNST ETIENNE; GUADALUPE BELLINI, <br><br> Plaintiff, <br> vs. <br><br> FORD MOTOR COMPANY; THE GOODYEAR TIRE & RUBBER COMPANY; DOES 1 through 10; and ROE CORPORATIONS 11 through 20; and ABC LIMITED LIABILITY COMPANIES 21 through 30, inclusive, <br><br> Defendants. | Case No.: 2: 12-cv-02070-GMN-VCF <br><br> **ORDER** |

Pending before the Court is a Motion for Summary Judgment (ECF No. 29) filed by Defendant Ford Motor Company ("Ford") and a Motion for Summary Judgment (ECF No. 40) filed by Defendant The Goodyear Tire & Rubber Company ("Goodyear"). Plaintiffs Ernst Etienne and Guadalupe Bellini ("Plaintiffs") failed to file a response to either motion. For the reasons discussed below, the Court **GRANTS** both motions.

**I.     BACKGROUND**

Ernst Etienne and Guadalupe Bellini ("Plaintiffs") claim that on November 11, 2010, the left rear tire of their 1998 Ford Explorer failed, causing their car to crash and resulting in "serious injuries" to Plaintiffs. (Compl. ¶¶ 13–14, ECF No. 1, Ex. 1.) Plaintiffs claim that the tire was defective and that the car failed to adequately protect them in the crash. (*Id.* ¶ 14.) They filed their Complaint on November 8, 2012, against Ford and Goodyear, alleging causes of action for negligence, strict liability in tort, and breach of warranty. (*Id.* ¶¶ 17–49.) Plaintiffs also included a claim for punitive damages alleging that Ford and Goodyear acted with "malice, oppression, and conscious disregard" (*Id.* ¶ 51) of the existence of alternative designs and had

knowledge of "defective conditions of the vehicle and tires that rendered them unreasonably dangerous." (*Id.* ¶¶ 51–56.)

On August 2, 2013, the Court granted Plaintiffs' Stipulation to Extend Discovery (ECF No. 21.)  Accordingly, Plaintiffs and Defendants were given until October 14, 2013, and December 16, 2013, respectively, to disclose their expert witnesses. (*Id.* 3:16–21.)  Additionally, the close of discovery was set for February 11, 2014. (*Id.* 4:1–3.)

Ford subsequently filed a Motion for Summary Judgment (ECF No. 29) on January 28, 2014, stating that Plaintiffs failed to "offer any admissible evidence demonstrating the existence of a defect in the 1998 Ford Explorer." (*Id.* 9:8–9.)  Additionally, Goodyear filed a Motion for Summary Judgment (ECF No. 40) on April 15, 2014, asserting that "Plaintiffs cannot establish that the subject tire was defective, that a defect in the tire was present when it left Goodyear's possession, or even that a defect in the tire caused the subject accident." (*Id.* 2:4–5.)  Plaintiffs failed to respond to either motion.

## II.     **LEGAL STANDARD**

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.*  "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)).  A

principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go

beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III.  DISCUSSION

#### A.  Strict Liability

In a strict products liability case, the plaintiff carries both the burden of production and the burden of persuasion. *Rivera v. Philip Morris, Inc.*, 209 P.3d 271, 275 (Nev. 2009). To successfully bring a strict products liability claim, a plaintiff must show that: "(1) the product had a defect which rendered it unreasonably dangerous, (2) the defect existed at the time the product left the manufacturer, and (3) the defect caused the plaintiff's injury." *Id.* (citing *Fyssakis v. Knight Equip. Corp.*, 826 P.2d 570, 571 (Nev. 1992)). Concerning tire failures, other courts have held that "[f]ailure of a tire is not such an unusual event that a defect can be inferred solely from the fact that the accident occurred." *Clement v. Griffin*, 634 So.2d 412, 429–30 (La. App. 4th Cir. 1994). *See also*, *St. Paul Fire & Marine Ins. Co. v. Michelin Tire Corp.*, 298 N.E.2d 289, 296 (Ill. App. 1973) ("In order to establish a prima facie case, plaintiff was obligated to prove by additional evidence that the blowout was caused by a defect in the … tire which existed at the time the tire left the manufacturer's control.").

Here, Plaintiffs have not presented any evidence from which a reasonable trier of fact could conclude by a preponderance of the evidence that the subject tire or the Ford Explorer had a defect that rendered it unreasonably dangerous and that such defect existed at the time either product left the manufacturer. Other than Plaintiffs' base allegations in their Complaint

and their restated version of the subject accident in response to Goodyear's First Set of Interrogatories, Plaintiffs have offered no admissible evidence to make a showing sufficient to establish essential elements of their case.  Plaintiffs failed to disclose an expert to support their claims and, more importantly, failed to respond to either motion for summary judgment, setting forth any specific facts demonstrating a genuine factual issue for trial.  Therefore, the Court grants Defendants' motions for summary judgment on Plaintiffs' strict products liability claim.

### B. Negligence, Breach of Warranty, and Punitive Damages

To state a claim for negligence under Nevada law, "a plaintiff must generally show that: (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; (3) the breach was the legal cause of the plaintiff's injury; and (4) the plaintiff suffered damages." *Scialabba v. Brandise Const. Co.*, 921 P.2d 928, 930 (Nev. 1996) (citing *Perez v. Las Vegas Med. Ctr.*, 805 P.2d 589, 590 (Nev. 1991)).  Additionally, to successfully bring a breach of warranty claim, "a plaintiff must prove that a warranty existed, the defendant breached the warranty, and the defendant's breach was the proximate cause of the loss sustained." *Nev. Contract Servs., Inc. v. Squirrel Cos., Inc.*, 68 P.3d 896, 899 (Nev. 2003).

Here, Plaintiffs' negligence and breach of warranty claims against Ford and Goodyear must fail for the same reasons as their products liability claim.  Specifically, Plaintiffs cannot produce admissible evidence to show that the subject tire or the Ford Explorer was defective. *See, e.g.*, *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1218 n.1 (9th Cir. 1995) ("Continental argues that the district court erred by granting summary judgment solely on the basis of strict liability without resolving the breach of warranties and negligence claims. Because we find that the plaintiffs failed to establish that a defect existed at the time the circuit breaker passed to the hands of Square D, an element which is essential to both the breach of warranties and negligence claims, it is unnecessary to address these claims specifically.").

Additionally, because Plaintiffs' punitive damages claim depends on the success of their strict liability, negligence, or breach of warranty claims, it must also fail. Accordingly, no genuine issues of fact exist, and Defendants are entitled to judgment as a matter of law on all claims.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment (ECF No. 29) filed by Defendant Ford Motor Company is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 40) filed by Defendant The Goodyear Tire & Rubber Company is **GRANTED**.

The Clerk of the Court shall enter judgment accordingly.

**DATED** this __3__ day of September, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge